UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUDY BARLOW,

    Plaintiff,

v.                                                                    CASE NO. 3:09-cv-1063-J-32JBT

SUN LIFE AND HEALTH INSURANCE CO.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs ("the Motion") (Doc. 47), which was referred to the undersigned for a report and recommendation (Doc. 49). For the reasons stated herein, it is recommended that the Motion be **DENIED**.

**I.    Background**

Plaintiff brought her Complaint in this case pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. (Doc. 1.) She challenged Defendant's decisions to terminate her disability benefits under two separate group insurance plans, in which she was a participant through her employment. (*Id.*) The two plans are: (1) Defendant's LTD Insurance Plan ("the LTD Plan") (Doc. 21

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

(Administrative Record) at 327-57); and (2) Defendant's Life Insurance Plan (Doc. 30 (Supplemental Administrative Record) at 183-219).

The parties filed cross motions for summary judgment, each of which the Court granted in part and denied in part. (*See* Docs. 43 & 46.) The Court ruled in favor of Plaintiff on the LTD Plan and in favor of Defendant on the Life Insurance Plan. On March 14, 2011, Plaintiff filed the Motion (Doc. 47), in which she seeks attorneys' fees and costs,[2] but expressly limits her request to time spent on the issue of eligibility for benefits under the LTD Plan. On March 25, 2011, Defendant filed its response in opposition (Doc. 48).

## II.   Standard of Review

ERISA authorizes the award of attorneys' fees and costs as follows: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). There is no presumption in favor of awarding fees. *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1268 (11th Cir. 2008). The Eleventh Circuit has recognized five factors that district courts should consider in determining whether to award attorneys' fees:

(1) the degree of the opposing parties' culpability or bad faith; (2) the

---

[2] Although Plaintiff mentioned prejudgment interest on the first page of the Motion (Doc. 47 at 1), she never made any argument as to why prejudgment interest should be awarded or submitted a proposed amount. Because the issue has not been briefed, the Court will recommend that prejudgment interest not be awarded. *See Moon v. Am. Home Assurance Co.*, 888 F.2d 86, 89-90 (11th Cir. 1989) ("[T]he award of prejudgment interest under ERISA is a matter committed to the sound discretion of the trial court . . . .").

>ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) the relative merits of the parties' positions.

*Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address. . . . In particular types of cases, or in any individual case, however, other considerations may be relevant as well." *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1345 (11th Cir. 2001) (citations omitted).

### III. Analysis

In this case, the Court considers the aforementioned five factors as providing the appropriate framework. For the following reasons, the Court finds that only factor two weighs in favor of awarding fees. Factor five is neutral. Factors one, three, and four all weigh in favor of denying fees. Thus, the undersigned will recommend that an award of fees be denied.

In support of her argument that Defendant's behavior was culpable or in bad faith, Plaintiff cites portions of the Court's critical analysis of Defendant's handling of Plaintiff's claim for LTD benefits (Doc. 47 at 2-3). However, the Court does not view any of these errors or omissions by Defendant as indicative of culpability or bad faith. It appears that Defendant in good faith believed it had sufficient grounds to terminate Plaintiff's benefits. The Court did criticize Defendant for not engaging in a more

reasoned vocational analysis. (Doc. 43 at 17, 24.) However, Defendant believed that the surveillance and medical evidence it had were sufficient to justify terminating benefits. Although the Court disagreed, it cannot assign any culpability or bad faith to this decision.

Similarly, although the Court found a high likelihood that Defendant's conflict of interest affected its decision (Doc. 43 at 23-26, as modified by Doc. 46), the Court does not assign culpability or bad faith in this regard either. Again, the Court relies on Defendant's good faith belief that it had sufficient grounds to terminate Plaintiff's benefits. Defendant's failure to engage in a more reasoned vocational analysis, and to take greater steps to ameliorate its conflict, did not help its position on the merits of terminating Plaintiff's LTD benefits, but does not indicate to the Court culpability or bad faith.

In this connection, it is helpful to consider factor three. As Plaintiff recognizes (*see* Doc. 47 at 4), "[t]he third factor, deterrence, is intertwined in the issue of bad faith/culpability," *Kamlet v. Hartford Life & Accident Ins. Co.*, 187 F. App'x 968, 971 (11th Cir. 2006). The Court finds this factor does not weigh in favor of a fee award because the Court sees little, if any, added deterrence to be gained by a fee award beyond the obvious incentive for an ERISA fiduciary to engage in a well-reasoned vocational analysis and to ameliorate conflict, so that its decision is more likely to be affirmed. The Court is sympathetic to Plaintiff's argument that deterrence is needed so that insurers have more to risk than just paying the benefits they should have paid in the first place. However, fiduciaries do have to pay their own litigation fees and costs

and do face a significant risk of paying fees in the proper case. Thus, the Court concludes that this factor does not weigh in favor of awarding fees.

Regarding the second factor, Defendant argues that no evidence has been produced by Plaintiff to show Defendant's ability to pay an attorneys' fee award. Although this is true, the Court notes that Defendant has aggressively defended this case, which leads the Court to believe that Defendant can afford to defend the case and to pay the back benefits due, which are significant. In these circumstances, it appears Defendant could satisfy an attorney fee award. However, this lone factor does not change the Court's conclusion.[3]

The Court finds that the fourth factor also weighs against a fee award. While Plaintiff concedes that this case did not involve a significant legal question regarding ERISA itself, she argues that "the instant action and resulting decision by this Court may benefit other plan participants and beneficiaries of the subject Plan and other plans, because the Defendant, as well as other plan administrators, may be encouraged to pay meritorious claims as opposed to engaging in litigation." (Doc. 47 at 4.) In *Freeman*, however, the Eleventh Circuit affirmed the district court's rejection of a similar argument. *Freeman*, 996 F.2d at 1120-21. There, the court of appeals concluded that "[a]ny benefit flowing from this lawsuit to other beneficiaries of this plan or other ERISA plans is merely speculative." *Id.* at 1121. The Court finds that any benefit to others flowing from this lawsuit is equally speculative.

---

[3] If this factor was determinative, the Court might be more exacting in the proof required.

Finally, the Court finds that the fifth factor is neutral. The Court found that Plaintiff's position regarding LTD benefits was meritorious and Defendant's position was not. However, it will typically be the case that one side has prevailed when a fee award is being considered. Thus, the Court finds that this factor does not add much to the analysis in this case, and is, therefore, neutral. Beyond the fact that Plaintiff prevailed on this issue and Defendant did not, there is nothing about the "relative merits of the parties' positions" that counsels for or against fees.

Upon consideration of all of the five factors enumerated in *Freeman*, the Court finds that an award of attorneys' fees is not warranted. Based on the same analysis, the Court also finds that an award of costs is unwarranted.[4]

Accordingly, it is respectfully **RECOMMENDED** that:

1.  Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 47) be denied.

2.  The Court direct the Clerk to enter judgment consistent with the Court's Order of February 28, 2011 (Doc. 46), and this Report and Recommendation.

---

[4] The Court considered analyzing costs separately from attorneys' fees, as some courts have done. *See Alexander v. Winthrop, Stimson, Putnam & Roberts Long Term Disability Coverage*, 497 F. Supp. 2d 429, 444-45 (E.D.N.Y. 2007) (citing *Chapman v. Choicecare Long Island Long Term Disability Income Plan*, No. 05-0687, 2005 WL 3556194, at *1 n.1 (2d Cir. Dec. 29, 2005)). However, the Court could not find any Eleventh Circuit opinion that recognizes this separate treatment of costs and attorneys' fees in the ERISA context. Thus, the Court recommends denial of costs as well.

**DONE AND ENTERED** at Jacksonville, Florida, on April 14, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record