**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JUDY BARLOW,

        Plaintiff,

vs.                                                                     Case No. 3:09-cv-1063-J-32JBT

SUN LIFE AND HEALTH INSURANCE
COMPANY,

        Defendant.

_____

**ORDER**

This ERISA case is before the Court on plaintiff Judy Barlow's motion for attorneys' fees and costs (Doc. 47).[1] Defendant Sun Life and Health Insurance Company filed a response in opposition (Doc. 48) and the Magistrate Judge prepared a Report and Recommendation recommending that the motion for attorneys' fees and costs be denied (Doc. 50). Barlow filed objections (Doc. 51) to which Sun Life responded (Doc. 52). The Court has now undertaken an independent and de novo review and makes the following observations and rulings.

First, as to the use of the "five factor test"- - while Sun Life criticizes Barlow for having failed to address the Supreme Court's Hardt case, Hardt did not foreclose the continued use of the five factor test in ERISA cases. See Hardt v. Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2158, n.8 (2010) ("We do not foreclose the possibility that once a claimant [demonstrates eligibility for a fee award under ERISA], a court may consider the five factor

---

[1] The Court previously determined that Barlow is entitled to long term disability benefits. See Order, Doc. 46.

[test] . . . in deciding whether to award attorney's fees"). And, as Sun Life notes, the Eleventh Circuit has not weighed in with an opinion about the test's continued vitality. See Olds v. Retirement Plan of Intern. Paper Co., Inc., Civil Action No. 09-0192-WS-N, 2011 WL 2160264, *3-4 (S.D. Ala. June 1, 2011) (noting that the Eleventh Circuit has not addressed use of the five factor test post-Hardt, although the Fourth and Ninth Circuits have determined its use should continue); Capone v. Aetna Life Ins. Co., Civil Action No. 1:06-CV-3014-MHS, 2010 WL 6029242, *2-3 (N.D. Ga. Dec. 22, 2010) (applying five factor test post-Hardt). Both parties used the five factor test to analyze the attorney's fee issue in their original papers (see Docs. 47 & 48) and the Magistrate Judge therefore appropriately used this test to address the fee issue here.

Nonetheless, while the undersigned agrees that the use of the five factor test is a suitable basis upon which to decide these issues,[2] the Court disagrees with the Magistrate Judge's culpability finding (one of the five factors). The undersigned has some history with reviewing ERISA fee disputes and my prior decisions have held that a bad faith finding is not necessary to find culpability. See Brand v. AT&T Broadband Disability Plan, Case No. 3:06-cv-98-J-32MCR, 2008 WL 1766906 (M.D. Fla. April 15, 2008); Sullivan v. Continental Cas. Co., Case No. 3:05-cv-491-J-32MCR, 2007 WL 1362923 (M.D. Fla. May 9, 2007); Thomas v. CSX Corp., Case No. 3:03-cv-729-J-32MCR, 2005 WL 2756214 (M.D. Fla. Oct. 25, 2005); see also Anderson v. Unum Life Ins. Co. of America, Case No. 2:01-cv-894-ID, 2007 WL 604728, at *3-6 (M.D. Ala. Feb. 22, 2007) (cited in Brand); cf. Hingson v. Prudential Ins. Co.

---

[2]Having said that, the Court has never found the five factor test to be particularly helpful, but, at least for now, it will have to do.

of America, Case No. 3:06-cv-524-J-32TEM, 2008 WL 1990653 (M.D. Fla. May 5, 2008) (finding defendant not culpable and declining to award fees). Considering the circumstances of this case, specifically the "scant, ambiguous, and flawed" evidence upon which Sun Life concluded that Barlow could return to her past occupation (after revoking its earlier decision to pay her long term disability benefits), and having operated under a conflict of interest, I do find that Sun Life is culpable, even if it did not act in bad faith. See Report and Recommendation, Doc. 43 at 23-26 (as adopted per Order, Doc. 46).

The undersigned generally agrees with the Magistrate Judge's handling of the other factors, except that Sun Life now concedes it has the ability to pay a fee award and the deterrence factor might now weigh in Barlow's favor to the extent it's intertwined with culpability. Considering the remaining factors as either neutral or favoring Sun Life, overall, it is the undersigned's finding that Sun Life is "culpable" that changes the equation here and tips the balance toward finding an award of attorneys' fees and costs is justified. See Wright v. Hanna Steel Corp., 270 F.3d 1336, 1345 (11th Cir. 2001) (explaining that while no one factor is dispositive, and in some cases they may not all be relevant, together, they form the nuclei of concerns that a court should address). See also, Sullivan, 2007 WL 1362923 (awarding fees where defendant was culpable, but did not act in bad faith, and where other factors were generally neutral or did not apply).

Second, as to the amount of the award, Barlow seeks attorneys' fees in the amount of $42,377.50 (reflecting 129.75 hours of Erik Berger's time at $250 per hour and 28.40

hours of Greg Paul's time at $350 per hour) and costs in the amount of $1,643.54.[3]  Sun Life objects that the hourly rates of both attorneys are not sufficiently supported, and that the amount of hours they seek are unreasonable and unsupported.  Sun Life further objects to some of the costs Barlow seeks.

Taking costs first, the Court finds that the costs sought are reasonable except the travel expenses for Paul to attend mediation.  As explained further below, the Court finds it was unnecessary to have out of town counsel undertake the same work that capable local counsel could perform.  The Court will therefore award Barlow costs in the amount of $1,108.98.

As for the attorney's fees, the Court is satisfied that Berger's requested hourly rate of $250 is reasonable for an attorney practicing in this area with Berger's level of experience.  The Court finds that Paul's requested hourly rate of $350 is not reasonable but that $275 is a reasonable rate for Paul, given his level of experience and considering the rates of attorneys practicing in this area in the Middle District.  See Cheetham v. CSX, Case No. 3:06-cv-704-J-PAM-TEM, Doc. 300 (M.D. Fla Jul. 6, 2011) (determining that $275 per hour was a reasonable rate for Paul's services in a FMLA case given his level of experience and upon review of attorney fee awards in other recent Middle District employment cases).  As for the hours billed, the Court finds that reductions are in order for three reasons.  First, Sun Life should not have to pay for Barlow's choice to use out of town counsel and the Court will

---

[3]Because the Magistrate Judge recommended denying fees altogether, he did not address whether the amount of fees and costs sought were reasonable.  To avoid further delay, the undersigned has considered this matter directly, and has reviewed the parties' papers that address the issue.  See Docs. 47, 48, 52.

therefore reduce Paul's hours by 10 to reflect the time Paul spent traveling from Pittsburgh to Jacksonville on May 5, 2010.  See id. at pp. 23-24 (deducting attorney travel time from fee because defendant should not be required to pay for plaintiff's choice to hire counsel from out of town) (citing Kearney v. Auto-Owners Ins. Co., 713 F.Supp. 2d 1369, 1379 (M.D. Fla. 2010).  Second, Berger's time records reflect billing by quarter-hour or half-hour increments with little detail regarding the tasks performed; the Court will reduce Berger's hours by 10% to protect against potential overbilling caused by Berger's billing method. Third, Barlow prevailed on only one of her two claims; exercising the Court's own billing judgment, the Court will reduce by 30% the hours expended by Berger and Paul to reflect that Barlow prevailed on her claim for long term disability benefits but not on her claim for extended life insurance benefits.  These reductions result in a fee award of $23,979.50 ($20,437.50 for 81.75 of Berger's hours at $250 per hour plus $3,542.00 for 12.88 of Paul's hours at $275 per hour).  When combined with the cost award of $1,108.98, Barlow is entitled to a fee and cost award of $ 25,088.48.

Accordingly, it is hereby

**ORDERED**:

1.    The Magistrate Judge's Report and Recommendation (Doc. 50) is adopted in part and rejected in part as explained in this Order.  Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 47) is granted to the extent that Barlow is entitled to an award of $23,979.50 in attorneys' fees and $1,108.98 in costs.

2.    The Clerk is directed to enter judgment against Judy Barlow and in favor of Sun Life Health Insurance Company on Barlow's claim for extended life insurance benefits

pursuant to ERISA, but to enter judgment in favor of Judy Barlow and against Sun Life Health Insurance Company on Barlow's claim for long term disability benefits pursuant to ERISA as found in the Court's February 28, 2011 Order (Doc. 46) and to further enter judgment in favor of Judy Barlow and against Sun Life Health Insurance Company for her attorneys' fees in the amount of $23,979.50 and costs in the amount of $1,108.98, for a total fee and cost award of $25,088.48.

3. Post-judgment interest on this award is awarded pursuant to 28 U.S.C. § 1961 and will begin accruing upon entry of judgment.

4. The Clerk shall close the file following entry of judgment.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of August, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Joel B. Toomey
United States Magistrate Judge

counsel of record